UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABBAS ALI,

    Plaintiff,

v.       Case No. 12-13008

LINDA DELOSH and GLORIA FISCHER,       HON. AVERN COHN

    Defendants.

_____/

**MEMORANDUM AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 15)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 14)
AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 11)
AND
DISMISSING CASE**

**I. Introduction**

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff is a state prisoner serving a life sentence following a conviction for first degree murder. Plaintiff filed a pro se complaint claiming that his First Amendment right of access to the courts was denied. Essentially, plaintiff alleges that defendants removed an affidavit from his cell from a witness that says another individual, not plaintiff, committed the crime. As defendants, he names officers "Delosh" and "Ficsher," who have been identified as Linda DeLosh and Gloria Fischer. The matter was referred to a magistrate judge for pretrial proceedings, before whom defendants filed a motion for summary judgment. The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted.

Before the Court are plaintiff's objections to the MJRR.  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motion for summary judgment will be granted, and the case will be dismissed.

## II.  Background

The MJRR accurately sets forth the background facts, some of which are repeated as follows:

In September 2011, while plaintiff was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan (TCF), a shake-down of his cell was conducted by the defendants.  Contraband was located in the cell and plaintiff was ticketed for major misconduct and placed in segregation.  Defendants acknowledge that they moved all of plaintiff's property to the unit office so that it could be inventoried and packed up later by officers on the 3rd shift.  Plaintiff was issued both a contraband removal slip and a property pack-up slip.  The property pack-up slip, which lists the more than 100 items removed from Plaintiff's cell, includes one footlocker of legal materials.  On September 30, 2011, an administrative hearing was held.  Plaintiff admitted that some of the items of contraband were his and argued (sometimes successfully) that other items were wrongfully labeled contraband.  He was nevertheless found guilty of misconduct.  There is no mention of plaintiff's legal materials in the hearing report.

The following day, plaintiff filed a Step I grievance about the "theft/unlawful taking" of his property, and seeking over four hundred dollars in reimbursement.  This grievance did not mention the missing affidavit that is the basis for plaintiff's instant lawsuit.  Thus, it is not relevant to the case.

On October 18, 2011, plaintiff was transferred from TCF to the Richard A.

Handlon Correctional Facility in Ionia, Michigan.

On December 5, 2011, more than a month after his transfer, plaintiff filed a Step I grievance alleging that many items taken from his cell by DeLosh had not been returned to him. Plaintiff signed and dated the grievance on 11-29-11. The grievance does not name Fischer. The grievance listed the missing items, such as a purple bandana and a chess set, and stated that plaintiff was seeking $76 in compensation. The grievance also stated: "I also lost most importantly, an Affidavit from Witness Hamid Al-Kinani, and [sic] was the subject of Newly Discovered Evidence that I did not stabb [sic] the Victim." "I was going to use the Affidavit in Filing my MCR 6500 Motion for New Trial. This denied my Right of Access to the Courts . . . ." It is this grievance from which plaintiff's case arises.

On December 6, 2011, the grievance was "rejected as untimely" by the grievance coordinator at the Thumb Correctional Facility. The rejection memorandum explained:

> Prior to submitted a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his control or if the issues falls within the jurisdiction of the Internal Affairs Division on Operations Support Administration. You stated that the incident took place 9/14/2011. You were transferred from TCF on 10/18/2011, this grievance was received in this office on December 5, 2011 with no explanation for the delay. I would encourage you to familiarize yourself with the grievance policy as it pertains to time limits.

The grievance was also denied at Step II. At Step III, plaintiff was informed that the only way to be reimbursed for personal property loss was through filing a claim with the State Administrative Board.

On July 9, 2012, plaintiff filed the instant complaint, alleging that both defendants "participated in going into" his cell where they "took a signed and notarized affidavit."

3

Plaintiff alleges that the "theft of said affidavit prevents [him] from filing an adequate motion for relief from judgment" with the state court and, if needed, a writ of habeas corpus. Thus, he claims a violation of his First Amendment right of access to the courts.

On October 16, 2012, defendants filed a motion for summary judgment. Defendants argue that plaintiff failed to properly exhaust his administrative remedies prior to filing suit, and plaintiff's claim fails on the merits as he has failed to allege an actual injury to his right of access to the courts as required and defendants are entitled to qualified immunity.

Plaintiff was notified that he had until November 16, 2012, to respond to the motion. (Doc. 12.) Plaintiff did not file a response. Instead, on November 29, 2012, plaintiff filed an application for appointment of counsel, asserting that he is "illiterate to the law and English language" and reminding the Court that the complaint stated that another inmate helped him draft his legal documents. (Doc. 13 at 1.)

On January 23, 2013, the magistrate judge issued an MJRR recommending that defendants' motion be granted. The magistrate judge also recommends that plaintiff's request for the appointment of counsel be denied.

### III. Legal Standard

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life

4

tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

## IV.  Analysis

Plaintiff first addresses his failure to file a response to the motion for summary judgment, explaining, as he did in his request for the appointment of counsel, that he cannot read or write English, is untrained in the law and has relied on the assistance from the legal writer program to draft documents in his case.  The fact that plaintiff says he needs assistance in preparing his case is not grounds for denying defendants' summary judgment motion.  As the magistrate judge explained, there is no constitutional right to counsel in a civil case and plaintiff's inability to understand English does not mean counsel should be provided.  Moreover, the magistrate judge did not recommend that defendants' motion for summary judgment be granted because plaintiff did not file a response.  To the contrary, the magistrate judge carefully examined the record and determined that plaintiff had not exhausted his claim against Fischer and his claim failed on the merits.  Thus, the fact plaintiff did not respond to the summary

judgment motion had no bearing on the magistrate judge's decision and therefore is not a valid objection.

Plaintiff also objects to the magistrate judge's recommendation that his claim against Fischer be dismissed for failure to exhaust. Plaintiff says that defendants did not raise the issue of the grievance failing to name Fischer in the administrative process, and therefore have waived the ability to do so now. Plaintiff cites Reed–Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir .2010), where the Sixth Circuit held that when prison officials "opt to consider otherwise defaulted claims on the merits, so as a general rule will we." Here, while the MDOC did not reject plaintiff's grievance against Fischer for failing to name her in the grievance, it did reject his grievance on procedural grounds–plaintiff's failure to comply with the requirement to attempt to resolve the issue with a staff member within two days of the incident. The MDOC did not consider plaintiff's grievance on the merits, unlike Reed-Bay.

Notwithstanding what appears to be a failure to exhaust administrative remedies by not naming Fischer and/or because the grievance was rejected as untimely for failing to follow a procedural rule, the magistrate judge also found that plaintiff's claim fails on the merits. Under the circumstances, the Court declines to grant summary judgment based on a failure to exhaust administrative remedies.

As to the merits of plaintiff's claim, the magistrate judge fully articulated the law applicable to a denial of access to court claim and explained why plaintiff has not made out a claim. Significantly, plaintiff has not alleged or shown anything more than a speculative injury based on his claim that defendants somehow misplaced or took the affidavit at issue (an allegation both defendants deny). He has not alleged that he has

attempted to file a motion for a new trial based on newly discovered evidence, or that defendants prevented him from doing so. At best, plaintiff says he wants to use the missing affidavit to file future litigation; that is not sufficient to state a claim for denial of access to courts.

### V. Conclusion

Accordingly, plaintiff's objections are OVERRULED. The findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 20, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160